IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02374-GPG

ERIC WILMER GIBSON,

    Plaintiff,

v.

ATTORNEY GENERAL OF THE UNITED STATES,
DEPARTMENT OF LABOR,
NEW ORLEANS POLICE DEPARTMENT,
US CUSTOMS AND BORDER PROTECTION,
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMM.,
EMPIRE TERRACE, LLC, 50.05%, RMA385 PART,
HUDSPETH COUNTY, Case 498205, and
ALBERT HEIN, FBI Personnel Security,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Eric Wilmer Gibson currently resides in Colorado Springs, Colorado. Plaintiff initiated this action by filing *pro se* a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs.   Magistrate Gordon P. Gallagher granted the Application on October 27, 2015.   Magistrate Judge Gallagher then reviewed the merits of the Complaint and found that the Complaint failed to comply with Fed. R. Civ. P. 8, because the allegations were prolix and unintelligible.   Plaintiff was directed to amend the Complaint, state proper jurisdiction, and assert in a short and concise manner how each named defendant participated in violating his legal rights.

After the Order to Amend was returned to the Court marked "Return to Sender Not Deliverable as Addressed Unable to Forward," ECF No. 9, Plaintiff informed the Court

that the address is correct, the U.S. Post Office was remiss in returning the Court's mail, and to resend the Order to the same address. On November 29, 2015, Magistrate Judge Gallagher directed the Clerk of the Court to resend the Order to Amend to Plaintiff and allowed him an additional thirty days from the date of the November 29 Order to amend. On November 30, 2015, Plaintiff filed a Request to file a 150-page amended complaint, ECF No. 13, and the proposed complaint. Subsequently, on December 24, 2015, Plaintiff filed a Second Request to file a 301-page amended complaint, in which he also asked that all previous complaints be disregarded. The operative filings at issue now are the two complaints Plaintiff filed on December 24, 2015, that together are 301 pages long.

In the first complaint submitted on December 24, 2015, Plaintiff appears to be challenging the Federal Bureau of Investigation's alleged continual distribution of illegal records for the past twenty-four years. Plaintiff contends that these illegal records pertain to an incident that took place between him and his daughter in 1993, which resulted in his daughter filing a complaint with the State of Texas Child Protective Services. ECF No. 16-1 at 4-5. Another incident addressed in the alleged illegal records is an incident in 1997 that involved Plaintiff's "misconduct" in an official vehicle by a public school. *Id.* at 5. Plaintiff also states in the Jurisdiction section of the complaint form that he is asserting jurisdiction pursuant to 28 U.S.C. § 1346, but he then in each claim identifies other various federal statutes.

Nonetheless, the supporting factual allegations under each claim for relief in the first complaint are not presented in a short and concise manner. In the First Claim for Relief section of the complaint form, Plaintiff states that he "distributed the 539 facts and events in this complaint based on the following 14 US codes and other statutes." ECF

No. 16-1 at 3. He then lists the statutes that he claims have been violated, and, in particular, he cites the provisions of "5 USC, Sec 81 FECA-8120 Report of Injury." *Id.* Plaintiff also asserts that he has "identified additional facts as related to this claim (see attached)." ECF No. 16-1 at 3. He identifies the pertinent facts, with a number, date, and short description, but he does not attach any pages to the first complaint that contain these facts. Plaintiff must intend for the Court to rely on the 524 facts that he has identified and attached to the second complaint; but even if the Court does consider the 524 facts, they are conclusory and vague and no more than a description of events that have taken place. The Plaintiff repeats the same format for the second and third claims in the first complaint. *Id.* at 4 and 5.

The second complaint, also submitted on December 24, 2015, names at least fifty defendants and is 295 pages long. Plaintiff identifies fourteen claims in this complaint, but the claims are simply statements of law. Each of the fourteen claims has an abbreviation, e.g., claim one is asserted pursuant to 5 U.S.C. § 81, and is identified as (5-81). *See* ECF No. 16-1 at 12. In each of the 524 facts, Plaintiff identifies by abbreviation all of the claims that pertain to that fact. As stated above, the 524 facts appear to be a chronological listing of events that have taken place since 1991.

Plaintiff's December 24 complaints fail to comply with Rule 8. The complaints are prolix and unintelligible. Plaintiff has not asserted his claims in either complaint in a short and concise manner. "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). "[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it."

*Carbajal v. City and County of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Therefore, the Court will dismiss the action because Plaintiff has failed to comply with the October 27, 2015 Order to Amend and submit an amended complaint that follows Rule 8.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pampers* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a Court order to file an amended complaint that follows Fed. R. Civ. P. 8 and for failure to prosecute.   It is

FURTHER ORDERED that leave to proceed *in forma pampers* on appeal is denied.   It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this   7th   day of   January        , 2016.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court