IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02374-LTB

ERIC WILMER GIBSON,

    Plaintiff,

v.

ATTORNEY GENERAL OF THE UNITED STATES,
DEPARTMENT OF LABOR,
NEW ORLEANS POLICE DEPARTMENT,
US CUSTOMS AND BORDER PROTECTION,
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMM.,
EMPIRE TERRACE, LLC, 50.05%, RMA385 PART,
HUDSPETH COUNTY, Case 498205, and
ALBERT HEIN, FBI Personnel Security,

    Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

The matter before the Court is the "Motion to Suspend Dismissal Order Dated 01-07-2016," ECF No. 20, that Plaintiff Eric Wilmer Gibson filed on February 8, 2016. The Court must construe the Motion liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will deny the Motion to Suspend based on the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. See Fed. R. Civ. P. 59(e). The Court will consider Plaintiff's Motion pursuant to Rule 60(b) because it was filed beyond twenty-eight days after the dismissal was entered in this action on January 7, 2015. See *Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (time limit effective prior to December 1, 2009) set forth under Rule 59(e)).

A Rule 60(b) motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. See *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citing *Ackerman v. United States*, 340 U.S. 193, 199 (1950); *Griffin v. Swim-Tech. Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)). The decision to grant relief under Rule 60(b) is discretionary; and Plaintiff has the burden to show that exceptional circumstances exist that require the Court to amend or vacate an order. *Servants of Paraclete*, 204 F.3d at 1009 (emphasis added).

Nothing that Plaintiff asserts in the Motion to Reconsider demonstrates that the Court incorrectly dismissed this action because he failed to comply with the October 27, 2015 Order to Amend and to submit an amended complaint that conforms to Fed. R. Civ. P. 8. The Court, therefore, will deny the Motion. Accordingly, it is

ORDERED that the Motion to Suspend Dismissal, ECF No. 20, filed on February 8, 2016, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.   It is

FURTHER ORDERED that the Second Motion to Include Scanned Document Files, ECF No. 19, is denied as moot.

DATED at Denver, Colorado, this 11th day of   February, 2016.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court