IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02374-LTB

ERIC WILMER GIBSON,

    Plaintiff,

v.

ATTORNEY GENERAL OF THE UNITED STATES,
DEPARTMENT OF LABOR,
NEW ORLEANS POLICE DEPARTMENT,
US CUSTOMS AND BORDER PROTECTION,
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMM.,
EMPIRE TERRACE, LLC, 50.05%, RMA385 PART,
HUDSPETH COUNTY, Case 498205, and
ALBERT HEIN, FBI Personnel Security,

    Defendants.

---

ORDER DENYING SECOND MOTION TO RECONSIDER

---

The matter before the Court is the "Motion to Grant Relief from Judgment and Order: 01-07-2016," ECF No. 22, that Plaintiff Eric Wilmer Gibson filed on March 10, 2016. Plaintiff also submitted a document that appears to be a report from the Federal Bureau of Investigation, ECF No. 24, and, although not titled as such, what appears to be a new, eighty-two page complaint, ECF No. 23. The Court must construe the Motion to Grant Relief liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will deny the Motion based on the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).   A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Plaintiff's Motion pursuant to Rule 60(b) because it was filed beyond twenty-eight days after the dismissal was entered in this action on January 7, 2015.  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (time limit effective prior to December 1, 2009) set forth under Rule 59(e)).

A Rule 60(b) motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citing *Ackerman v. United States*, 340 U.S. 193, 199 (1950); *Griffin v. Swim-Tech. Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).  The decision to grant relief under Rule 60(b) is discretionary; and Plaintiff has the burden to show that exceptional circumstances exist that require the Court to amend or vacate an order.  *Servants of Paraclete*, 204 F.3d at 1009 (emphasis added).

This Motion is Plaintiff's second request for the Court to grant him relief from the January 7, 2016 Order of Dismissal in this case.  The March 10 Motion, like the February 8, 2016 Motion to Suspend Dismissal, fails to demonstrate that the Court incorrectly dismissed this action.  The Court, therefore, will deny the Motion.  Accordingly, it is

ORDERED that the Motion to Grant Relief, ECF No. 22, filed on March 10, 2016, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this  14th  day of  March , 2016.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court